IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:21-cv-199

**VALARIE L. MAHONEY-KONG,**

      Plaintiff,

vs.

**HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,**

      Defendant.

## COMPLAINT

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), to recover benefits due under an employee welfare benefit plan and to recover costs, attorneys' fees, and interest as provided by ERISA.

## PARTIES

2. Plaintiff, Valarie L. Mahoney-Kong, is a citizen and resident of Indian Trail, Union County, North Carolina.

3. Defendant, Hartford Life & Accident Insurance Company (hereinafter "Hartford"), is a properly organized insurance company authorized to do business in the State of North Carolina, and does substantial business in Union County.

4. At all times relevant to this action, Hartford provided insured long-term disability ("LTD") benefits pursuant to the Group Long Term Disability Plan for

employees of Aegis Therapies, Inc. (the "Plan").

5. Hartford serves as the claims administrator and fiduciary in handling all aspects of disability benefit claims made by insured beneficiaries under the Plan, including the Plaintiff in this action.

6. Defendant has a fiduciary obligation to Plaintiff to administer the Plan fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff, and in handling all aspects of benefit claims made by beneficiaries under the Plan, including the Plaintiff in this action.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by 29 U.S.C. § 1132.

8. Venue in the Western District of North Carolina is appropriate by virtue of Plaintiff's residence in this district and Defendant's doing business in this district.

## FACTUAL ALLEGATIONS

9. At all times relevant to this action, Plaintiff has been a covered beneficiary under a group LTD benefit policy (Policy No. GLT-681043) (the "Policy") issued by Hartford to Aegis Therapies, Inc. ("Aegis").

10. Plaintiff worked as a certified occupational therapy assistant for Aegis prior to her disability onset, where she provided treatments to patients with disabilities,

injuries, and illnesses in order to help them develop, recover, and improve skills needed for everyday living and working.

11. The Policy provides LTD benefits to beneficiaries who meet the Policy definition of "disability" or "disabled," as follows:

*Disability or Disabled means You are prevented from performing one or more of the Essential Duties of:*
  1. *Your Occupation during the Elimination Period;*
  2. *Your Occupation, for the 1 year(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-Disability Earnings; and*
  3. *after that, Any Occupation.*

12. The Policy defines "Essential Duty" as follows:

*Essential Duty means a duty that:*
  1. *is substantial, not incidental;*
  2. *is fundamental or inherent to the occupation; and*
  3. *cannot be reasonably omitted or changed.*
*Your ability to work the number of hours in Your regularly scheduled work week is an Essential Duty. However, working more than 45 hours per week is not an Essential Duty.*

13. The Policy defines "Any Occupation" as follows:

*Any Occupation means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of:*
  1. *the product of Your Indexed Pre-disability Earnings and the Benefit Percentage; or*
  2. *the Maximum Monthly Benefit.*

14. Plaintiff was forced to stop working on or about June 20, 2018 due to symptoms of neurocardiogenic syncope, including increasingly severe levels of lightheadedness, dizziness, bradycardia, and episodes of sudden, temporary loss of consciousness.

15. As a result of her severe disabling condition and accompanying symptoms, Plaintiff is unable to perform one or more of the essential duties of her occupation, and as a result, she is earning less than 80% of her indexed pre-disability earnings.

16. As a result of her severe disabling condition and accompanying symptoms, Plaintiff is unable to perform one or more of the essential duties of any occupation.

17. Plaintiff timely submitted a claim for LTD benefits.

18. By letter dated December 3, 2018, Defendant approved Plaintiff's claim for LTD benefits.

19. Less than a year later, by letter dated September 20, 2019, Defendant terminated Plaintiff's claim for LTD benefits, finding that LTD benefits were not payable beyond September 22, 2019.

20. Plaintiff timely appealed the termination of her claim for LTD benefits by letter dated March 17, 2020, submitting argument and supportive documentation, including updated medical records as well as medical literature.

21. By letter dated March 18, 2020, Defendant confirmed it received Plaintiff's appeal of the termination of her claim for LTD benefits on March 17, 2020.

22. By letter dated April 21, 2020, Plaintiff submitted additional medical records to Defendant as part of her administrative appeal.

23. By letter dated May 6, 2020, Defendant provided Plaintiff with an "Independent Medical Review."

24. Plaintiff responded to Defendant's Independent Medical Review by letter dated July 1, 2020, submitting updated medical records.

25. By letter dated July 29, 2020, Defendant provided Plaintiff with an addendum to the Independent Medical Review as well as an "Employability Analysis report."

26. Plaintiff responded to Defendant's addendum to the Independent Medical Review and the Employability Analysis report by letter dated August 19, 2020.

27. By letter dated August 21, 2020, Defendant upheld its decision to terminate Plaintiff's claim for LTD benefits.

28. Plaintiff now has exhausted her administrative remedies, and her LTD claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

29. Defendant has wrongfully denied LTD benefits to Plaintiff in violation of the Policy, Plan, and ERISA for the following reasons:

    a. Plaintiff is disabled, as defined by the LTD benefits Policy and Plan, in that as a result of her disability, she is unable to perform one or more of the essential duties of any occupation;

    b. Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is disabled, and by ignoring credible evidence that Plaintiff is unable to perform one or more of the essential duties of any occupation;

    c. Defendant's interpretation of the definition of "Total Disability," "Totally Disabled," "Disability," or "Disabled" contained in the Policy and Plan is

5

contrary to plain language of the Policy and Plan and unreasonable;

    d. Defendant has attempted to evade the impact of Plaintiff's condition and the severe functional limitations on her ability to perform one or more of the essential duties of any occupation;

    e. Defendant has wrongfully denied Plaintiff a full, fair, and impartial review of her benefits by failing to provide for a review that takes into account all comments, documents, records, and other information submitted by Plaintiff relating to the claim, and by ignoring the weight and credibility of evidence submitted, looking for less credible evidence of marginal significance to support its goal of denying her benefits claim; and

    f. Defendant has violated its contractual obligation to furnish LTD benefits to Plaintiff.

**WHEREFORE**, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to LTD benefits under the terms of the Policy and Plan, and that Defendant be ordered to pay LTD benefits, and all other related benefits, until such time as Plaintiff reaches age 67 or is no longer disabled;

2. Award pre-judgment interest at a rate of at least the North Carolina state rate of 8%;

3. Enter an Order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial of benefits; and

4. Enter an award for such other relief as may be just and appropriate.

This the 30th day of April, 2021.

/s/Caitlin H. Walton
CAITLIN H. WALTON
N.C. Bar No. 49246
cwalton@essexrichards.com
**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, NC 28203-4727
Ph (704) 377-4300
Fax (704) 372-1357

*Attorney for Plaintiff*